# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JOEL MARVIN MUNT,<br><br>       Plaintiff,<br><br>v.<br><br>TOM ROY, Commissioner of Corrections; EDDIE MILES, STW Warden; VICTOR WANCHENA, Assistant Warden of Administration at STW; CHRIS PAWELK, Assistant Warden of Operations at STW; MIKE WARNER, Lieutenant at STW; SUSAN NORTON, Paralegal at STW; LISA COX, Property Person at STW; STEVEN HAMMER, Warden at STW, each sued in their individual and official capacities,<br><br>       Defendants. | Case No. 18-cv-2144 (SRN/SER)<br><br>**ORDER** |

Joel Marvin Munt, OID # 236179, MCF-Oak Park Heights, 5329 Osgood Ave. N., Stillwater, MN 55082, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

    In this action brought under 42 U.S.C. § 1983, Plaintiff Joel Marvin Munt, a prisoner at the Minnesota Correctional Facility ("MCF")-Oak Park Heights, asserts retaliation claims against several officials and/or employees of the Minnesota Department of Corrections ("DOC"). (*See* Compl. [Doc. No. 1].)

1

Before the Court are: (1) Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs ("IFP Application") [Doc. No. 2]; (2) Plaintiff's Objections [Doc. No. 14] to Magistrate Judge Steven Rau's December 4, 2018 Order [Doc. No. 12], staying the case; (3) Plaintiff's Motion for a Temporary Restraining Order ("TRO") [Doc. No. 3]; and (4) Plaintiff's Motion in Opposition to Order of Reassignment [Doc. No. 11]. For the reasons set forth the below, Munt's IFP application is granted, his Objections to the December 4, 2018 Order are overruled as moot, his Motion for a TRO is denied, his Motion in Opposition to Order of Reassignment is denied, and the stay is lifted.

A. *In Forma Pauperis* ("IFP") Application

1. Munt's IFP Application [Doc. No. 2] is **GRANTED**.

2. Munt must submit a properly completed Marshal Service Form (Form USM-285) for each Defendant. If Munt does not complete and return the Marshal Service Forms within 30 days of this order, this matter will be dismissed without prejudice for failure to prosecute. The Clerk of Court is directed to provide Munt with Marshal Service Forms.

3. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from Defendants in their personal capacities, consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

4. If a Defendant sued in his or her personal capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that Defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will

be imposed in all cases in which a Defendant does not sign and return a waiver of service form. *See* Fed. R. Civ. P. 4(d)(2).

5. The U.S. Marshal's Service is directed to effect service of process on Defendants in their official capacities as officers or employees of the State of Minnesota consistent with Rule 4(j) of the Federal Rules of Civil Procedure.

6. Munt must pay the unpaid balance ($326.07) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Munt is confined.

**B. Objections to December 4, 2018 Order**

As the magistrate judge noted in the December 4, 2018 Order, the claims that Munt raises in the instant litigation are closely related to claims and allegations that he asserted in another lawsuit in this District, *Munt v. Roy*, No. 17-cv-5215 (SRN/SER). At the time of the December 4, 2018 Order, two Reports and Recommendations ("R & Rs"), and Plaintiff's Objections to the same, were pending in the 17-cv-5215 matter. In the two R & Rs, the magistrate judge recommended that Defendants' Motion to Dismiss be granted and that Plaintiff's Motions for Injunctive Relief be denied. (*See generally, Munt*, 17-cv-5215 (SRN/SER), June 25, 2018 R & R [Doc. No. 58]; Oct. 15, 2018 R & R [Doc. No. 69].) This Court has since adopted the magistrate judge's R & Rs, resulting in the dismissal of Plaintiff's claims in the 17-cv-5215 suit. (*Munt*, 17-cv-5215 (SRN/SER), Jan. 10, 2019 Mem. Op. & Order [Doc. No. 83].)

In light of the similar, possibly overlapping claims in the two lawsuits, Magistrate Judge Rau stayed further proceedings in the instant case, pending resolution of the undersigned judge's review of Plaintiff's Objections to the R & Rs in the 17-cv-5215 case. (Dec. 4, 2018 Order at 1–2.)

Munt objects, acknowledging that while there may be some overlap between the two cases, his claims are distinct and his Motion for a TRO in the instant case will be prejudiced by the stay. (Pl.'s Objs. at 2–8.) Because the Court has now ruled on Plaintiff's Objections to the R & Rs in the 17-cv-5215 case, the **STAY in the instant case IS HEREBY LIFTED**. The Court addresses Munt's Motion for a TRO below. Accordingly, Plaintiff's Objections [Doc. No. 14] are **OVERRULED as moot**.

### C.  Motion for a TRO

Munt contends that the "DOC harbors an environment where retaliation is tolerated and encouraged to the point where it is an unofficial policy/custom." (Pl.'s Mot. for TRO at 2.) He seeks a TRO that prohibits the DOC and those acting on its behalf from punishing or harassing him "in any way in retaliation against this suit." (*Id.*) He asserts that this includes subjecting him to retaliatory cell searches or searches of his person, retaliatory discipline, retaliatory transfer, the taking of his legal papers, and the taking of his other property. (*Id.*) Additionally, he seeks: (1) a ruling that warns the DOC that if such conduct occurs, the Court will presume that it was done in retaliation for this suit; (2) any cell searches must be done with both Plaintiff and a witness present; (3) nothing must be taken or destroyed without proof of a legitimate reason for doing so, which must be documented; (4) a witness must observe any disciplinary proceedings; (5) any retaliatory action will be

reviewable by this Court; and (6) contempt proceedings will be initiated if Defendants are found to retaliate against Plaintiff. (*Id.* at 3.) Finally, Munt requests that any officials found in contempt of court be sentenced to one year in prison and the DOC fined $100,000 for each incident and $10,000 per day until it complies. (*Id.*)

Munt identifies the correct legal standard by which this Court analyzes motions for a TRO, applying the following factors set forth in *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 113–14 (8th Cir. 1981): (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunctive relief will inflict on other parties to the litigation; (3) the probability that the movant will succeed on the merits; and (4) the public interest. "While no single factor is determinative, the probability of success factor is the most significant." *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013) (quotations and citations omitted). A TRO is an extraordinary remedy, *see Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003), and the party seeking injunctive relief bears the burden of establishing its propriety. *Chlorine Inst., Inc. v. Soo Line R.R.*, 792 F.3d 903, 914 (8th Cir. 2015).

While Munt applies the correct legal standard, the Court disagrees with his application of the law to the facts of this case. These facts do not warrant injunctive relief. First, Munt has not met the burden of establishing the likelihood of irreparable harm absent a TRO. Munt speculates that he will be retaliated against for filing this retaliation lawsuit, but points to no evidence suggesting that he is subject to the threat of imminent retaliatory conduct.

As one example, he contends that the DOC has admitted in the 17-cv-5215 action that it confiscated an affidavit prepared by Munt, then subsequently placed him in segregation and

transferred him from MCF-Stillwater, where he was previously incarcerated, to MCF-Oak Park Heights, where he currently resides, because of the contents of the affidavit. (Munt. Aff. at 2 [Doc. No. 4]) (citing Norton Aff., 17-cv-5215 [Doc. No. 51].) Any suggestion that the DOC's actions were possibly retaliatory is belied by the facts, however, including the very evidence that Munt relies on in the Affidavit of Susan Norton.

As stated by Norton, Litigation Coordinator at MCF-Stillwater, Munt had requested indigent offender copies of the affidavit in question. (17-cv-5215, Norton Aff. ¶ 5.) Per the indigent offender policy, Norton first reviewed the document for appropriateness. (*Id.*) She determined that a large portion of Munt's affidavit addressed his fixation with and romantic feelings for a female correctional officer. (*Id.*) Previously, Munt had been disciplined for authoring a letter to the same correctional officer, professing his romantic feelings. (*Id.*) Because DOC policy permits the confiscation of any items deemed to present a risk to security, and the DOC deems romantic relationships between offenders and officers a security threat, Norton indeed admits that she confiscated Munt's affidavit as contraband, wrote an incident report, and logged the writing into evidence. (*Id.* ¶ 6.) As a result of the incident, and to ensure the security of the facility and staff, the DOC transferred Munt to MCF-Oak Park Heights. (*Id.* ¶ 7.)

This conduct does not support Munt's request for injunctive relief, nor does it support his claim of retaliation, as such claims "fail if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule." *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008) (citing *Orebaugh v. Caspari,* 910 F.2d 526, 528 (8th Cir. 1990)).

Munt speculates that staff at MCF-Oak Park Heights have "upped the game by using a common prison strategy of spreading rumors about an inmate to try and cause problems between them and other inmates." (Munt Aff. at 4.) Such speculation does not meet the considerable burden necessary to support an award of injunctive relief. Munt also refers to the seizure of multiple letters and his inability to submit future grievances in this regard due to a direct order to cease filing such complaints. (*Id.*) Again, Munt speculates that the seizure of his mail was in retaliation for the filing of this suit. For all of the foregoing reasons, the Court finds that the factor of irreparable does not support injunctive relief.

Moreover, the balance of harms weighs heavily against granting injunctive relief. As the Eighth Circuit has observed, courts give due deference to prison policy restrictions that account for order, security, discipline, and cost containment. *Fowler v. Crawford*, 534 F.3d 931, 939 (8th Cir. 2008) (citing *Lovelace v. Lee*, 472 F.3d 174, 190 (4th Cir. 2006)). Munt may use the DOC grievance system to seek remedial relief. The Court will not interfere with constitutional prison policies aimed at maintaining a safe, secure environment and necessary discipline.

Additionally, based on the allegations in the Complaint, the Court finds that Munt is unlikely to succeed on the merits. While a prisoner may maintain a § 1983 claim for retaliatory discipline where a prison official files disciplinary charges in retaliation for a prisoner's exercise of constitutional rights, such a claim fails if the alleged retaliation was issued for the actual violation of prison rules. *Hartsfield*, 511 F.3d at 829 (citing *Orebaugh,* 910 F.2d at 528). A prison official may successfully defend against a retaliatory discipline claim by proffering "some evidence" that the inmate actually violated a rule. *Id.*

7

(citing *Goff v. Burton*, 7 F.3d 734, 738–39 (8th Cir. 1993)). In the example discussed earlier regarding the alleged seizure of Munt's affidavit and the purported retaliatory transfer, prison officials have shown "some evidence" that their actions were taken pursuant to official policies and the violations of such policies.

Finally, as to the public interest, given the Court's findings above concerning the likelihood of success on the merits of Munt's constitutional challenges, this factor weighs in favor of deference to the DOC's policy and security decisions on matters of prison administration. *See Phelps-Roper v. Nixon*, 545 F.3d 685, 690 (8th Cir. 2008) ("the determination of where the public interest lies is also dependent on the determination of the likelihood of success on the merits of the [constitutional] challenge because it is always in the public interest to protect constitutional rights."), *overruled on other grounds, Phelps-Roper v. City of Manchester*, 697 F.3d 678 (8th Cir. 2012) (en banc).

For all of the foregoing reasons, the Court finds that Munt has not satisfied the *Dataphase* factors in order to obtain the extraordinary remedy of injunctive relief. His motion is therefore denied.

### D. Motion Opposing Reassignment

Munt also objects to the reassignment of this case, which was initially assigned to Judge Joan N. Ericksen and Magistrate Judge Tony N. Leung. (*See generally*, Pl.'s Mot. Opposing Reassignment.) Given that the 17-cv-5215 matter and the instant case are related, the Court reassigned the instant case to the judge in the earlier-filed matter. (Order for Reassignment [Doc. No. 10].)

Munt argues that "[t]here is no reason for such reassignment and it is just another desperate attempt by Judge Nelson to get out of testifying." (Mot. in Opp'n Reassignment at 1.) The Court disagrees. Courts have the inherent authority to manage their own dockets to achieve the orderly and expeditious disposition of cases. Fed. R. Civ. P. 1; *Dietz v. Bouldin*, __ U.S. __, 136 S. Ct. 1885, 1892 (2016).

In the District of Minnesota, civil cases are considered related if: (1) they share common issues of law or fact, common parties, or other common factors; (2) a decision or opinion in one of the cases will effectively resolve substantially all of the issues in the other case; or (3) the interests of justice or judicial economy would be best served if the two actions were handled by a single judge, even though the resolution of one case might not effectively resolve all of the issues in the other case. D. Minn. July 5, 2017 Order for Assignment of Cases, ¶ 4(a) (Tunheim, J.), http://www.mnd.uscourts.gov/cmecf/Order-for-Assignment-of-Cases.pdf. If the district judges assigned to two potentially related cases agree that the cases are related, the judge to whom the newest case has been assigned may enter a written order directing the Clerk of Court to assign the new case to the judge to whom the earlier case was assigned. *Id.*, ¶ 4(c).

Here, the instant case and 17-cv-5215 were found to be related. Pursuant to the Court's inherent authority, the procedure set forth above was followed. Munt's motion opposing reassignment is therefore denied.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The stay imposed in this matter pursuant to the December 4, 2018 Order [Doc. No. 12] is hereby **LIFTED**;

2. The Application to Proceed in District Court without Prepaying Fees or Costs [Doc. No. 2] filed by Plaintiff Joel Marvin Munt is **GRANTED**. The Clerk of Court shall follow the directives set forth on pages 2 and 3 of this Order;

3. Plaintiff's Objections [Doc. No. 14] to Magistrate Judge Steven Rau's December 4, 2018 Order [Doc. No. 12] are **OVERRULED as moot**;

4. Plaintiff's Motion for a Temporary Restraining Order [Doc. No. 3] is **DENIED**; and

5. Plaintiff's Motion [Doc. No. 11] in Opposition to the Order of Reassignment is **DENIED**.

Dated: January 10, 2019　　　　　　　　　　　s/Susan Richard Nelson
　　　　　　　　　　　　　　　　　　　　　　SUSAN RICHARD NELSON
　　　　　　　　　　　　　　　　　　　　　　United States District Judge